# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| WANDA L. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-cv-00293-SLC |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, *sued as Nancy A.* | ) |
| *Berryhill, Acting Commissioner of* | ) |
| *Social Security*,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Wanda L. Moore's motion to recover attorney fees in the amount of $21,786.67 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, together with supporting documents. (DE 41). Defendant Commissioner of Social Security ("Commissioner") opposes the amount of Moore's fee request, arguing that: (1) the 54.5 hours billed by Attorney Joseph Shull, Moore's counsel in the district court litigation, were not reasonably expended; and (2) that Shull and Attorney Barry Schultz, Moore's counsel in the Seventh Circuit appellate litigation, should have calculated their hourly rates using the cost of living adjustment for the geographic region where the case was litigated, rather than the national rate. (DE 44). After additional briefing, the motion is now ripe for ruling. (DE 45; DE 46; DE 48).

For the following reasons, Moore's motion for EAJA fees will be GRANTED, except

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

that Attorney Shull's hours will be reduced from 54.5 to 49.5.

## A. Procedural Background

Moore brought this suit to contest a denial of disability benefits by the Commissioner. (DE 1). On March 31, 2016, this Court entered an Opinion and Order affirming the Commissioner's denial of benefits. (DE 28). Moore timely appealed that decision to the Seventh Circuit Court of Appeals. (DE 31).

While the appeal was pending, the Commissioner, upon further consideration, agreed with Moore that the case should be remanded for further proceedings. (DE 36). The Commissioner then filed an unopposed motion with this Court, requesting an indicative ruling with respect to a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). (DE 36). The Court on January 27, 2017, indicated that it was inclined to grant relief from its March 31, 2016, judgment should the Seventh Circuit remand for that purpose. (DE 37).

On February 1, 2017, pursuant to a joint motion to remand filed by the parties, the Seventh Circuit remanded the case to this Court for further proceedings. (DE 38). On February 3, 2017, this Court entered an Order granting the Commissioner's unopposed motion for relief from judgment under Rule 60(b)(6); vacating the Court's judgment dated March 31, 2016; reversing the decision of the Commissioner; and remanding the case to the Commissioner for further proceedings. (DE 39). On March 6, 2017, Moore filed the instant motion for EAJA fees. (DE 41).

## B. Discussion

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall

award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner does not raise a substantial justification argument in response to Moore's fee request. Rather, the Commissioner challenges the number of hours expended by Attorney Shull in this district court litigation and the cost of living index used by Shull and Schultz when calculating their hourly rates. The Court will address each of these arguments, in turn.

      1. <u>The Number of Hours Billed by Shull</u>

Moore, as the fee applicant, bears the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

"Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (citation omitted). "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The

3

amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id*. (quoting *Hensley*, 461 U.S. at 437).

The Commissioner argues that Moore failed to meet her burden of showing that the 54.5 hours billed by Shull were reasonably expended. (DE 44 at 2). In her response brief, the Commissioner bases this argument solely on the fact that Moore failed to submit an itemized statement in support of Shull's hours. (DE 44 at 2-3; DE 41-4); *see Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990) (emphasizing that 28 U.S.C. § 2412(d)(1)(B) requires that "any fee application . . . be supported by an itemized statement"); *Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."). However, in her reply brief Moore submits an itemized statement to support Shull's hours, explaining that she inadvertently omitted the itemized statement when filing the motion. (DE 45 at 1 ("Due to an oversight by Plaintiff when filing her EAJA motion, only the 2d page of two pages of the itemization of time for attorney Joe Shull, was attached to the motion. The first page, which includes attorney Shull's itemization, was inadvertently left off of the motion."); DE 45-1 at 1).

The Commissioner sought leave to file a sur-reply to address Shull's itemized billing, which was unopposed by Moore; the Court granted the motion. (DE 46; DE 47). In the sur-reply, the Commissioner argues that Shull's itemization shows that his hours expended for the district court litigation were unreasonable, considering that Shull represented Moore before the administrative agency, and thus, was already familiar with her case. (DE 46-1 at 2). Specifically, the Commissioner takes issue with the fact that Shull spent 17.2 hours familiarizing

4

himself with the record and taking notes, and 8.2 hours preparing the opening brief's history of claim and statement of facts, yet his history of claim and statement of facts in his opening brief amounts to less than one page. (*Compare* DE 45-1 at 1, *with* DE 16 at 1-2). The Commissioner also argues that Shull had already formulated his primary arguments before the administrative agency, before ever bringing the matter to federal court. (DE 46-1 at 2). As such, the Commissioner urges that the Court should reduce Shull's billed hours by about fifty percent—that is, from 54.5 to 25. (DE 46-1 at 3).

In response to the Commissioner's sur-reply, Moore produces an affidavit from Shull. (DE 48-1). In the affidavit, Shull explains that a detailed summary of the facts is typically prepared for district court briefing, but not for the administrative agency. (DE 48-1 ¶ 1). He states that in this particular instance, he wrote an 18-page medical summary that he attached to his opening brief (DE 16-1), which is why his opening brief's statement of facts was less than a page. (DE 48-1 ¶ 2). Shull states that when recording time, he "simply forgot" that the medical summary was a separate document from his opening brief. (DE 48-1 ¶ 2). Thus, he actually spent 16.7 hours preparing the medical summary, not just the 8.5 hours logged on the itemized statement for the medical summary. (DE 48-1 ¶ 2). Shull urges that the amount of time spent on the medical summary is proportionate to the lengthy transcript, 793 pages, in this case. (DE 48-1 ¶ 2).

Having considered the parties' arguments, it does appear that Shull's two main arguments—that the administrative law judge failed to account for More's moderate limitation in concentration, persistence, and pace when crafting the residual functional capacity finding, and that the ALJ improperly discounted the credibility of Moore's symptom testimony—were

5

primarily formulated at the administrative agency level. (*Compare* DE 16 at 4-9, *with* DE 11 at 315-19). Having said that, Shull did expand his prior credibility argument by adding two pages, and he added a third argument—that the administrative law judge failed to evaluate Moore's impairments in combination—to the federal court briefing. (*Compare* DE 16 at 4-9, *with* DE 11 at 315-19). Shull's additional argument, however, was fairly cursory, amounting to just one page in length. (DE 16 at 4-5).

While Shull concedes that handling the case at the administrative agency level may somewhat reduce the amount of time needed for preparing federal court briefs, he contends that "the difference is small because there is a long time usually between writing the Appeals Council argument and writing the District Court brief." (DE 48-1 ¶ 2). Shull states that he spent 17.2 hours reviewing the 793-page transcript, re-familiarizing himself with the case, and making notes before drafting his opening brief and medical summary. He attributes these hours, at least in part, to the 18-month gap between making his arguments to the administrative agency and drafting the federal court briefs.

In total, then, Shull spent 44.15 hours preparing and drafting his opening brief—that is, 17.2 hours reviewing the transcript and making notes, 16.7 hours drafting the medical summary, and 10.25 hours drafting the opening brief arguments. The Court considers this amount of time to exceed what is reasonable for preparing and filing an opening brief, particularly when the attorney represented the claimant at the agency level and formulated his two main arguments at that time. *See, e.g.*, *Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016) (finding 37.6 hours spend reviewing the record and drafting the opening brief "on par with the time that other courts in this circuit have found reasonably expended during the initial

stage of a social security appeal" (citations omitted)); *Verlee v. Colvin*, No. 1:12-CV-45-TLS, 2013 WL 6063243, at *9 (N.D. Ind. Nov. 18, 2013) (approving 36.4 hours spent preparing an opening brief); *Garcia v. Colvin*, No. 1:11-cv-00165, 2013 WL 1343662, at *2 (N.D. Ind. Apr. 3, 2013) (approving 37.75 hours spent reviewing the transcript, researching, and preparing an opening brief that raised six arguments); *Burke v. Astrue*, No. 08 C 50136, 2010 WL 1337461, at *3 (N.D. Ill. Mar. 31, 2010) (concluding that 34.4 hours was a reasonable amount of time to expend reviewing the transcript, researching, and drafting a 13-page, 1.5 spaced opening brief that raised five issues); *Upperton v. Barnhart*, No. 02-C-0534-C, 2003 WL 23185891, at *2 (W.D. Wis. Nov. 13, 2003) (determining that it was not unreasonable for two attorneys to spend 37.1 hours, which included 11.1 hours drafting the facts section, reviewing a 499-page transcript and drafting and revising a 32-page brief that advanced seven arguments).

In particular, the Court finds that the 17.2 hours Shull spent reviewing the administrative record and making notes to be unreasonable, considering that Shull had represented Moore at the administrative agency level and formulated his primary two arguments at that time. Consequently, the Court will reduce those hours by five, to 12.2. Therefore, the total number of hours spent by Shull on Moore's district court case will be reduced from 54.5 to 49.5.

2. <u>The Hourly Rate</u>

The Commissioner also argues that the enhanced hourly rates that Moore's attorneys seek are not warranted. More particularly, the Commissioner argues that the attorneys should have calculated their enhanced hourly rates using the cost of living increase for the "Midwest Urban" average of the Consumer Price Index ("CPI"), rather than the "All Urban" average, thereby measuring the increase in cost of living on a regional, rather than a national, basis. The

Commissioner explains that this would reduce the attorneys' requested hourly rate by $5.36 (that is, from $189.56 to $184.20) for March 2015, and by $6.23 (that is, from $193.36 to $187.13) for August 2016.

While it is clear that "[c]ourts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed," *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (citation omitted), the Commissioner has not provided the Court with any authority as to why the "Midwest Urban" average, rather than the "All Urban" average, is the appropriate tool on which to rely. District courts within the Seventh Circuit "have used both regional and [the national index], without a clear preference for either." *Rodriguez v. Colvin*, No. 11 C 5637, 2013 WL 5221335, at *3 (N.D. Ill. Sept. 16, 2013) (collecting cases). In *Sprinkle*, the Seventh Circuit declined to resolve the split in the circuit concerning the use of the two indexes, "leav[ing] it to the discretion of the district courts whether to adopt the national or regional index in specific cases." 777 F.3d at 428 n.2.

"Regardless of whether the national CPI or the regional CPI is used, the claimant 'must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Monk*, 2016 WL 4445659, at *3 (quoting *Sprinkle*, 777 F.3d at 428-29). Here, Moore submitted affidavits (dated from 2011 to 2013) from five attorneys who represent claimants in social security appeals or comparable cases, setting forth the attorneys' hourly rates. (DE 41-5 to DE 41-9). This evidence supports Moore's motion for fees at the hourly rates requested. Furthermore, the hourly rates that Moore seeks are comparable to the hourly rates approved by other judges in this district. *See Monk*, 2016 WL 4445659, at *3 (awarding an hourly rate of $190); *Ruiz v. Colvin*, No. 2:14-cv-69,

8

2016 WL 2908287, at *2 (N.D. Ind. May 18, 2016) (awarding an hourly rate of $191.25); *Townsend v. Colvin*, No. 2:12-cv-516, 2014 WL 6617641, at *2 (N.D. Ind. Nov. 18, 2014) (awarding an hourly rate of $187.50). Moreover, the difference in the hourly rates using the "All Urban" CPI and the "Midwest Urban" CPI equates to a relatively small amount overall.

Consequently, considering the lack of clarity in the case law about the appropriate CPI, and because the requested rates are consistent with enhanced hourly rates previously awarded by judges in this district, the hourly rates requested by Moore, which were calculated using the "All Urban" CPI, will be approved.

*C. Conclusion*

For the foregoing reasons, the Court GRANTS Moore's Motion for Attorney's Fees (DE 41), except that the requested fee award of $21,786.67 is reduced by five hours, to $20,838.87. Accordingly, it is ORDERED that an award of attorney fees in the sum of $20,838.87 shall be paid by the Commissioner to Moore. Any fees paid belong to Moore and not her attorneys and may be offset to satisfy a pre-existing debt that Moore owes the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). If counsel for the Commissioner can verify that Moore does not owe a pre-existing debt subject to offset, and upon production of a written fee assignment between Moore and her attorneys, the Commissioner shall direct that the award be made payable to Moore's attorneys pursuant to the written fee assignment.

SO ORDERED.

Entered this 26th day of May 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge